IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                Plaintiff,

v.

CITY AND COUNTY OF RACINE CLERKS OFFICE,
JOHN DOE, JANE DOE, EMILY BRUNO,
LAURIE HARDY, AMY VANDERHOEF,
KIRSTEN MALECKI, and
SAMUAL A. CHRISTENSEN,

                Defendants.

OPINION and ORDER

21-cv-127-jdp

---

    Plaintiff James Robert Turner, appearing pro se, is a prisoner at Stanley Correctional Institution. Turner contends that his constitutional rights to due process and access to the courts were violated by Racine County Circuit Court staff when they failed to reduce a 1991 ruling on a postconviction motion in his criminal case to writing, depriving him of a chance to appeal that ruling. Turner has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen Turner's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

This is the second time that I have reviewed a civil complaint brought by Turner about Racine County court staff failing to enter the ruling denying his postconviction motion. I dismissed the previous case he brought about this issue because his claims were untimely given the six-year statute of limitations for his constitutional claims. *Turner v. Racine City & Cnty.*, No. 19-cv-852-jdp, 2020 WL 290948, at *1 (W.D. Wis. Jan. 21, 2020). I added that even if Turner was alleging that court staff continued to refuse to enter the ruling, there wasn't a plausible reason to think that he was being harmed by the continuing refusal unless he was contending that he could have successfully appealed his conviction or sentence. *Id.* In that case, the court could not enter an order in a civil-rights case for damages that implied the invalidity of his conviction or current sentence. *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

Turner's new complaint raises the same allegations, so it has the same problems as his previous case. His allegations about past harm are far too old to raise in a case now, and the court cannot issue an order addressing the validity of his current confinement. I will dismiss this case for Turner's failure to state a claim upon which relief may be granted and I will direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g). I will also issue the following sanction: the court will summarily dismiss any future case that Turner files with the same allegations regarding Racine County court staff failing to record the ruling on his postconviction motion.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff James Robert Turner's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and close this case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

4. Plaintiff is sanctioned as stated in the opinion above.

Entered July 22, 2021.

                                            BY THE COURT:

                                            /s/

                                            _____

                                            JAMES D. PETERSON
                                            District Judge